[L. A. No. 804.   In Bank.—April 12, 1902.]

FRANCES H. RICE et al., Respondents, v. ELISE MEIN-ERS, Executrix of John Meiners, Deceased, Appellant.

WATER RIGHTS—APPROPRIATION—ADVERSE USER AGAINST RIPARIAN OWN-ERS.—An appropriation of water cannot create a right as against riparian proprietors otherwise than by prescription, which requires an adverse user for five years, and where a lower riparian proprietor interrupts the user within the five years, by diverting and continuing to divert the water, a prescriptive right is not acquired.

ID.—RIPARIAN RIGHTS—BOUNDARIES OF RIVER—HIGH AND LOW BANKS—CASE AFFIRMED.—In determining what lands are riparian to the waters of a river which has two sets of banks,—one consisting of low banks, in which the stream is confined at low water, and the other consisting of high, or fast, banks which confine the stream in its entire width at its highest flow,—such high banks must be taken as the true boundaries of the river, and the highest flow of water in the river in its entire width between the high banks is subject to the right of user by the riparian owner.  The case of *Ventura Land and Power Co.* v. *Meiners, ante,* p. 284, is affirmed.

APPEAL from a judgment of the Superior Court of Ventura County and from an order denying a new trial.  B. T. Williams, Judge.

The facts are stated in the opinion.

J. L. Murphy, and H. L. Poplin, for Appellant.

John S. Chapman, Barnes & Selby, and Orestes Orr, for Respondent.

THE COURT.—The following opinion was prepared by Commissioner Smith when the case was in Department. After further consideration we are satisfied with that opinion; and for the reasons therein given the judgment and order denying a new trial are reversed.

SMITH, C.—This suit was brought against the deceased, John Meiners, for the same diversion of water complained of in Ventura Land and Power Company against the same defendant (L. A. No. 803).  The cases were tried together; and are submitted on the same briefs, and mainly on the same transcript.  The question as to the riparian ownership of the

defendant's testator is the same in both cases, and has been considered and determined in the other case. But in this case the plaintiff claims by virtue of an appropriation of water, and the findings and judgment are in her favor,—the amount adjudged being two hundred and thirty-one inches measured under a four-inch pressure. Such a right, however, cannot be acquired against riparian proprietors, otherwise than by prescription, which would require an adverse user of five years (Civ. Code, sec. 1007; *Lux* v. *Haggin,* 69 Cal. 376; Kinney on Irrigation, secs. 92, 293; Washburn on Easements, pp. 167-170, 181-183); and in this case the user—which commenced June 1, 1887—was interrupted within the five years by the adverse acts of Meiners, in diverting, and continuing to divert, the water—commencing September 1, 1891. The case therefore cannot be distinguished from that of the Ventura Land and Power Company; and the decision in that case must be regarded as conclusive of this.

I advise that the judgment and order appealed from be reversed.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.